IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

FARAMARZ MEHDIPOUR, )
)
Petitioner, )
)
vs. )      No. CIV-19-206-C
)
RICK WHITTEN, Warden )
)
Respondent. )

ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner received preliminary permission from the Tenth Circuit to file a second

or successive petition for habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to the

provisions of 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate

Judge Bernard M. Jones, who entered a Report and Recommendation ("R&R") on July 23,

2019, recommending the Court grant Respondent's Motion to Dismiss the petition.  Both

Petitioner and Respondent have objected.

Judge Jones accurately sets out the substantive facts and law, and the Court only

highlights a few points raised by both parties.  First, Petitioner believes the Magistrate

Judge is mistaken regarding whether he has exhibited due diligence in discovering the

allegedly new evidence of prosecutorial misconduct in his case.  In his view, he has

"pursued his rights" for years by filing numerous—and, at times, frivolous—claims in

court. (Dkt. No. 23, p. 7.)  But the Magistrate Judge did not find that Petitioner failed to

engage in sufficient litigation regarding his claim.  He found that Petitioner did not exhibit

due diligence in uncovering the facts underlying his prosecutorial misconduct claim,

despite knowing of the circumstances surrounding this claim for decades. (Dkt. No. 18, p. 6.)

Respondent, though, would have this Court go further than the Magistrate Judge. Indeed, it contends that whether Petitioner has exhibited due diligence is irrelevant because Petitioner has already raised this claim in previous habeas petitions, and is therefore procedurally barred under 28 U.S.C. § 2244(b)(1) from pursuing it again here.* (See generally Dkt. No. 19.) The Court disagrees. In his previous filings, Petitioner certainly raised similar complaints. Yet, as the Magistrate Judge found, the Court cannot say that he raised this particular claim. The Court finds that the Magistrate Judge's order is well-reasoned, and the parties' further objections fail to call into question its analysis.

As a result, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge (Dkt. No. 18) and GRANTS Respondent's Motion to Dismiss Second and Successive Habeas Petition (Dkt. No. 12). Petitioner's habeas petition (Dkt. No. 1) is DISMISSED for lack of jurisdiction. A separate judgement will issue accordingly.

IT IS SO ORDERED this 1st day of October, 2019.

_____
ROBIN J. CAUTHRON
United States District Judge

---

* Under 28 U.S.C. § 2244, a petitioner is barred from filing a second habeas petition asserting a previously-advanced claim. But where the claim is novel, courts must determine—as the Magistrate Judge did here—whether the petitioner exhibited due diligence in uncovering the facts underlying that claim. See 28 U.S.C. § 2244(b)(2). So the relief Respondent seeks would not ultimately change the result of the case—Petitioner's claim would still be dismissed. In Respondent's view, though, Petitioner's claim was previously advanced, so he should be barred from filing this claim at all, regardless of whether he exhibited due diligence. (See Dkt. No. 19, pp. 5-9.)